Argued and submitted December 19, 1979,
affirmed January 28, 1980

FLECK, et ux,
*Appellants,*
*v.*
STEINBECK, et ux,
*Respondents.*

(No. 77-9-384, CA 13030)

605 P2d 717

John J. Tollefsen, Portland, argued the cause and
filed the brief for appellants.

Frank L. Whitaker, Portland, argued the cause for
respondent. With him on the brief was Whitaker &
Whitaker, Portland.

Before Schwab, Chief Judge, and Thornton, Tanzer
and Campbell, Judges.

THORNTON, J.

## THORNTON, J.

Plaintiffs appeal from the trial court's denial of specific performance of what plaintiffs contend was a written agreement to purchase defendants' apartment house. In addition, plaintiffs had prayed for lost profits from the time plaintiffs were entitled to the conveyance of the property.

The essential facts are set forth in the trial court's findings:

"Defendants owned Rhonda K. Apartments and advertised in the *Oregon Journal* on September 24, 1977, said apartments were for sale in the sum of $130,000.00.

"Plaintiffs read the advertisement, called Defendants and arranged to see the apartments on September 25, 1977. The plaintiffs initially discussed preliminary matters with Mrs. Steinbeck and then later with Mr. Steinbeck and said discussions included the $40,000 down payment, assumption of mortgages and other pertinent matters. Plaintiffs then discussed the matter alone, while still at the Steinbecks' and later came back and told the Steinbecks that they would like to buy the apartments. Further discussions were had among the parties concerning down payment, assumption of mortgages, closing and escrow companies, second mortgages to the Steinbecks and prepayment clauses, among other matters.

"Plaintiff Darrell Fleck mentioned that he had previously lost a real property deal because it was not in writing and therefore requested that the matter be reduced to writing. No party had an earnest money agreement with them, so after some minor discussions, it was agreed that Defendant Theodore Steinbeck would draft a memorandum of this agreement.

"Said agreement, which was received as Plaintiffs' Exhibit 3, states as follows:

"'September 25, 1977. We, the undersigned, agree to the sale of that property known as Rhonda K. Apartments located at 15124 SE 91st Avenue, Clackamas, Oregon, for the sum of $130,000.00. This is a tentative agreement of sale pending proper execution of earnest money agreement and this

[163]

agreement becomes null and void at Midnight, September 27, 1977.

" '/s/ Darrell M. Fleck/ /s/ Sandra J. Fleck
/s/ Theodore C. Steinbeck/ /s/ Dusi Steinbeck

"At the time the above agreement was signed by the parties, the exact balances owing on the two mortgages were undetermined and the exact amount of down payment to the Defendants or the time schedule of payments to the Defendants had not been agreed upon.

"On September 26 certain discussions were had between certain parties, although there is a difference of opinion as to exactly what conversations were had between what parties. On September 27 Mrs. Steinbeck called Mrs. Fleck and said that there was a problem with sale of the apartments and both plaintiffs and defendants discussed certain matters with their attorneys. The evening of September 27 Mr. Fleck, accompanied by Mr. Robert Miller, went to the Steinbecks' residence and tendered three separate earnest money agreements and receipts for earnest money were prepared by the Plaintiff and signed by the Plaintiffs and tendered to Defendants with the statement that they could sign any one of the three upon which they· agreed. Defendants refused to sign any of the agreements stating that it was only for $130,000 and they were now asking $145,000."

Based on the above, the court entered the following:

" 'CONCLUSIONS OF LAW

" 'This Court in a long line of cases has adhered to the rule that before there can be a valid contract, there must be a meeting of the minds as to all of its terms; that nothing can be left for future negotiation, and that if any portion of the contract is not agreed upon, or if no method is agreed upon by which such a term or provision can be settled, there is no contract.

" ' *Phillips v. Johnson,* 266 Or 544, 555 (1973)

" 'It is a well established rule of law in this state that equity will not decree specific performance

[164]

unless the contract is definite, certain and complete. The Court cannot make a contract for the parties, nor can it make clear that which is left in doubt and uncertainty.

" ' *Landura Corporation v. Schroeder,* 272 Or 644, 651 (1975) quoting *Smith v. Vehrs,* 194 Or 499 (1952).

" 'In a suit for specific performance, the contract itself must be specific enough to serve as a foundation of a specific decree. The Court cannot be wiser than the parties themselves or go more into detail than they have marked out for their conduct or make a new contract for them.

" ' *Van v. Fox,* 278 Or 439, 445 (1977), quoting *Feenaughty v. Beall,* 91 Or 654, 667 (1919).

"The September 25, 1977, agreement states:

" 'This is a tentative agreement of sale pending proper execution of earnest money agreement * * * .'

"An earnest money agreement encompassing the essentials of the sale was never signed by all parties. It is true that the Plaintiff prepared three separate earnest money agreements and tendered them to the Defendants, who refused to sign them because they wanted more money for the property than was originally discussed. However, there was not a definite meeting of the minds as to the amount of the down payment or payments on a second mortgage, if in fact a second mortgage was to be a part of the sale, and therefore, the Court cannot specifically enforce such a tentative agreement."

While plaintiffs have prayed for damages for lost profits and have included a general prayer for further equitable relief in their complaint, we are of the opinion that under the prevailing rule in this jurisdiction, damages cannot be considered in this proceeding. Where equitable relief has been denied, equity jurisdiction will not be retained to grant purely legal relief. *Powell v. Sheets,* 196 Or 682, 251 P2d 108, 115 (1952); *Walker v. Mackey,* 197 Or 197, 251 P2d 118, 253 P2d 280 (1952).

Affirmed.